JAHNA LINDEMUTH
ATTORNEY GENERAL

William E. Milks (Alaska Bar No. 0411094)
Kevin M. Dilg (Alaska Bar No. 1406053)
Assistant Attorneys General
Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2520
Email: bill.milks@alaska.gov

*Attorneys for defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JENNIFER FLETCHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALASKA, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br><br> CASE NO. 1:18-cv-00007-HRH |

**ANSWER**

Defendant State of Alaska ("State") responds to plaintiff's allegations in the complaint as follows. In this Answer, references to paragraphs are references to the numbered paragraphs in the Complaint.

1. Admit that plaintiff is a state employee. Deny the remainder of the allegations in the paragraph.

2. Admit the State provides some state employees with health care coverage

through a self-funded plan, the AlaskaCare Employee Health Plan ("AlaskaCare"). Deny that all state employees are covered by AlaskaCare.

3. Admit that gender dysphoria has been defined as the clinically significant distress that can result from the dissonance between one's gender identity and sex assigned at birth. The remainder of the paragraph contains generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

4. The allegations in paragraph 4 are a mixture of factual allegations and legal conclusions specific to the plaintiff that the State lacks the knowledge sufficient to admit or deny and are therefore denied. The State denies any discriminatory denial of health insurance coverage.

5. Admit plaintiff has filed an action to challenge the State of Alaska's exclusion of transition-related surgical care. To the extent the allegations in paragraph 5 represent argument, legal conclusions, or characterization of the law, they are denied.

**JURISDICTION AND VENUE**

6. Admit.

7. Admit.

8. Admit

**PARTIES**

9. The State admits plaintiff has represented she is a 36-year-old woman who is transgender and resides in Juneau, Alaska. The State admits that plaintiff is

*Fletcher v. State of Alaska*  Case No. 1:18-cv-00007-HRH
ANSWER  Page 2 of 15
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 2 of 15

employed by the State.

10. Admit the State is an employer for the purposes of Title VII. Admit some state employees receive coverage through AlaskaCare. Deny that all state employees receive coverage through AlaskaCare.

## FACTUAL ALLEGATIONS

### Sex, Gender Identity, and Gender Dysphoria

11. The State admits gender identity is a concept referring to an internal sense of gender and the State is without sufficient knowledge to admit or deny the remaining conclusions or allegations made in paragraph 11 which are therefore denied.

12. The allegations of paragraph 12 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

13. The allegations of paragraph 13 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

14. The allegations of paragraph 14 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

15. The allegations of paragraph 15 contain generalized characterizations

*Fletcher v. State of Alaska*     Case No. 1:18-cv-00007-HRH
ANSWER     Page 3 of 15
Case 1:18-cv-00007-HRH    Document 14    Filed 08/13/18    Page 3 of 15

regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State admits that gender dysphoria is a recognized medical condition and the State is without sufficient knowledge to admit or deny the remaining conclusions or allegations made in paragraph 15 which are therefore denied.

16. The allegations of paragraph 16 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

17. The allegations of paragraph 17 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

18. The allegations of paragraph 18 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State admits gender dysphoria can be treated and the State is without sufficient knowledge to admit or deny the remaining conclusions or allegations made in paragraph 18 which are therefore denied.

19. The allegations of paragraph 19 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

20. The allegations of paragraph 20 contain generalized characterizations

*Fletcher v. State of Alaska*  
ANSWER  
Case No. 1:18-cv-00007-HRH  
Page 4 of 15  
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 4 of 15

regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

21. The allegations of paragraph 21 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

22. The allegations of paragraph 22 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

23. The allegations of paragraph 23 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

24. Admit that hormone replacement therapy for transgendered individuals involves taking hormones for the purpose of bringing one's secondary sex characteristics into alignment with one's gender identity. Admit that secondary sex characteristics are bodily features not associated with external and internal reproductive genitalia. Admit that secondary sex characteristics include, for example, hair growth patterns, body fat distribution, and muscle mass development. The remainder of the allegations in paragraph 24 are generalized characterizations regarding the medical, social, and cultural

*Fletcher v. State of Alaska*  
ANSWER  
Case No. 1:18-cv-00007-HRH  
Page 5 of 15  
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 5 of 15

circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

25. Admit that sex reassignment surgery refers to the change or alteration of primary or secondary sex characteristics. The remainder of the allegations in paragraph 25 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

26. Admit that surgical care could be medically necessary to treat gender dysphoria in certain individuals. Deny any implication that medical necessity alone is sufficient to trigger coverage under the AlaskaCare plan. Deny any implication that plaintiff has demonstrated medical necessity or entitlement to coverage under the terms of the AlaskaCare plan.

27. The allegations of paragraph 27 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State admits there are treatments for gender dysphoria that can be medically necessary but the State is without sufficient knowledge to admit or deny the remaining conclusions or allegations made in paragraph 27 which are therefore denied.

28. The allegations of paragraph 28 appear to be a quote from an unincorporated document which the State is not required to answer. To the extent a response is required, the allegations in paragraph 28 represent generalized statements regarding the medical circumstances of transgendered individuals and the State is without sufficient knowledge to admit or deny these conclusions or allegations which

*Fletcher v. State of Alaska*  
ANSWER  
Case No. 1:18-cv-00007-HRH  
Page 6 of 15  
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 6 of 15

are therefore denied.

29. Admit that the federal Department of Health and Human Services Departmental Appeals Board has removed Medicare's exclusion on some treatments for gender dysphoria. Deny that the 2014 Appeals Board decision is the final statement or action on gender reassignment surgery from the Centers for Medicare & Medicaid Services. The State is without sufficient knowledge to admit or deny these remaining conclusions or allegations of paragraph 29 which are therefore denied.

30. The allegations of paragraph 30 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

31. Admit that in both the 2017 and 2018 plans AlaskaCare contained an exclusion of transition related surgical treatment. Admit that "[a]ny treatment, drug, service or supply related to changing sex or sexual characteristics, including: [s]urgical procedures to alter the appearance or function of the body" paraphrases the language contained in the 2018 AlaskaCare plan. Deny any implication that the AlaskaCare plan discriminates against plaintiff within the meaning of Title VII.

32. The State denies that the AlaskaCare plan discriminates against anyone within the meaning of Title VII. To the extent the allegations of paragraph 32 represent generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals, the State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

*Fletcher v. State of Alaska*
ANSWER
Case No. 1:18-cv-00007-HRH
Page 7 of 15
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 7 of 15

33. Admit that the state employee health plan has excluded coverage for transition-related care since at least 1979. The remainder of paragraph 33 contains generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender individuals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them. To the extent the allegations of paragraph 33 imply that the AlaskaCare plan is discriminatory in intent or effect, the State denies that the AlaskaCare plan discriminates against plaintiff within the meaning of Title VII.

34. The State is without sufficient knowledge to admit or deny the allegations in paragraph 34, which are therefore denied.

35. Admit that in 2018, the State of Alaska removed its exclusion of coverage for transition-related hormone therapy and counseling. Deny that prior to 2018 counseling for gender dysphoria was excluded from the AlaskaCare plan.

36. Admit the AlaskaCare plan states that it "covers only those services and supplies that are medically necessary." Deny any implication that medical necessity is the sole determiner of coverage under the AlaskaCare plan or that the plan covers all medically necessary care. The remainder of the allegations of paragraph 36 represents argument and legal conclusions and is denied.

37. Admit the State provides coverage for medically necessary transition-related hormone therapy and counseling. Admit the State of Alaska does not provide coverage for transition-rated surgical treatment in AlaskaCare. The State denies any implication that medical necessity is the sole determiner of coverage under the

*Fletcher v. State of Alaska*
ANSWER
Case No. 1:18-cv-00007-HRH
Page 8 of 15
Case 1:18-cv-00007-HRH  Document 14  Filed 08/13/18  Page 8 of 15

AlaskaCare plan or that the plan covers all medically necessary care.

38. Admit the State previously engaged a consulting firm to determine the potential fiscal impact of covering treatment for gender dysphoria, including surgical care, in AlaskaCare. The State denies any implication that a fiscal analysis has any relevance to discrimination under Title VII.

39. The State admits that paragraph 39 appears to quote from an outside analysis of a state health plan. The State denies any implication that analysis has any relevance to discrimination under Title VII.

40. The State admits that paragraph 40 appears to quote from an outside analysis of a state health plan. The State denies any implication that analysis has any relevance to discrimination under Title VII.

41. Admit that the State contracts with Aetna to administer AlaskaCare. The State denies any implication that Aetna has final authority to determine benefits under the AlaskaCare plan.

42. The State admits that paragraph 42 appears to quote from an outside analysis of a state health plan. The State denies any implication that analysis has any relevance to discrimination under Title VII.

43. The State admits that paragraph 43 appears to quote from an outside analysis of the state health plan. The State denies any implication that medical necessity is the sole determiner of coverage under the AlaskaCare plan or that the plan covers all medically necessary care.

44. The State admits that the consulting firm estimated the cost of providing

*Fletcher v. State of Alaska*     Case No. 1:18-cv-00007-HRH
ANSWER     Page 9 of 15
Case 1:18-cv-00007-HRH    Document 14    Filed 08/13/18    Page 9 of 15

coverage for transition-related care, including surgical treatment. The State denies any implication that analysis has any relevance to discrimination under Title VII.

45. Admit that plaintiff is currently employed by the State of Alaska, she began working for the State in 2012, and became a legislative librarian in 2014. Admit that plaintiff represents that she holds a master's degree in Library Science.

46. Admit that plaintiff has been enrolled in AlaskaCare.

47. Admit that plaintiff represents she is a woman and is also transgender.

48. The State is without sufficient knowledge to admit or deny the allegations in paragraph 48, which are therefore denied.

49. The State is without sufficient knowledge to admit or deny the allegations in paragraph 49, which are therefore denied.

50. The State is without sufficient knowledge to admit or deny the allegations in paragraph 50, which are therefore denied.

51. The State is without sufficient knowledge to admit or deny the allegations in paragraph 51, which are therefore denied.

52. The State is without sufficient knowledge to admit or deny the allegations in paragraph 52, which are therefore denied.

53. The State is without sufficient knowledge to admit or deny the allegations in paragraph 53, which are therefore denied.

54. The State is without sufficient knowledge to admit or deny the allegations in paragraph 54, which are therefore denied.

55. The State admits plaintiff requested pre-certification for medical

*Fletcher v. State of Alaska*  Case No. 1:18-cv-00007-HRH
ANSWER  Page 10 of 15
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 10 of 15

procedures in or around November 2016 from Aetna.

56. Admit that AlaskaCare does not cover gender reassignment surgery. The State is without sufficient knowledge to admit or deny the remainder of the allegations in paragraph 56, which are therefore denied.

57. The State is without sufficient knowledge to admit or deny the allegations in paragraph 57, which are therefore denied.

58. The State is without sufficient knowledge to admit or deny the allegations in paragraph 58, which are therefore denied.

59. The State is without sufficient knowledge to admit or deny the allegations in paragraph 59, which are therefore denied.

60. The State is without sufficient knowledge to admit or deny the allegations in paragraph 60, which are therefore denied.

61. The State is without sufficient knowledge to admit or deny the allegations in paragraph 61, which are therefore denied.

62. The allegations of paragraph 62 contain generalized characterizations regarding the medical necessity of undefined medical treatments for transgender and non-transgendered individuals. The State denies that the AlaskaCare plan discriminates against anyone within the meaning of Title VII and the State is without sufficient knowledge to admit or deny the remaining conclusions or allegations made in paragraph 62, which are therefore denied.

63. The allegations of paragraph 63 contain generalized characterizations regarding the medical, social, and cultural circumstances or experience of transgender

*Fletcher v. State of Alaska*
ANSWER
Case No. 1:18-cv-00007-HRH
Page 11 of 15
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 11 of 15

individuals. The State denies that the AlaskaCare plan discriminates against anyone within the meaning of Title VII and the State is without sufficient knowledge to admit or deny the remaining conclusions or allegations made in paragraph 63, which are therefore denied.

64. The State admits it has maintained an exclusion for sex reassignment surgery while providing coverage for other forms of treatment for gender dysphoria. To the extent the allegations of paragraph 64 represent argument and legal conclusions, the State is without sufficient knowledge to admit or deny these allegations and therefore denies them.

65. The State admits that paragraph 65 appears to quote from an email from the Chief Health Official for the State's Division of Retirement and Benefits. The State denies any implication that this allegation has any relevance to discrimination under Title VII.

66. The State admits that paragraph 66 appears to quote from a letter from the Chief Health Official for the State's Division of Retirement and Benefits. The State denies any implication that this allegation has any relevance to discrimination under Title VII.

67. The State admits that plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 30, 2017.

68. The State admits that on March 13, 2018, the EEOC issued a determination. The determination speaks for itself.

69. The State is without sufficient knowledge to admit or deny the

*Fletcher v. State of Alaska*  
ANSWER  
Case No. 1:18-cv-00007-HRH  
Page 12 of 15  
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 12 of 15

allegations in paragraph 69, which are therefore denied.

## CLAIM FOR RELIEF

### Violation of Title VII (42 U.S.C. § 2000e, et seq.)

70. The State incorporates by reference all preceding answers contained in paragraphs 1 through 69 above.

71. Paragraph 71 quotes statutory law and the State is not required to answer this allegation. To the extent necessary, the State admits paragraph 71 appears to quote 42 U.S.C. § 2000e-2(a).

72. Admit.

73. Admit.

74. The allegation in paragraph 74 represents a legal conclusion for which no response is necessary. To the extent an answer is required, the allegation in paragraph 74 is denied.

75. The allegation in paragraph 75 represents a legal conclusion for which no response is necessary. To the extent an answer is required, the allegation in paragraph 75 is denied.

76. The allegation in paragraph 76 represents a legal conclusion for which no response is necessary. To the extent an answer is required, the allegation in paragraph 76 is denied.

77. The allegation in paragraph 77 represents a legal conclusion for which no response is necessary. To the extent an answer is required, the allegation in paragraph 77 is denied.

*Fletcher v. State of Alaska*  
ANSWER  
Case No. 1:18-cv-00007-HRH  
Page 13 of 15  
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 13 of 15

78. The allegation in paragraph 78 represents a legal conclusion for which no response is necessary. To the extent an answer is required, the allegation in paragraph 78 is denied.

**WHEREFORE**, the Defendant requests entry of a judgment in its favor and against the plaintiff, taxable costs, attorneys' fees, and such further relief as the Court may deem just and appropriate under the circumstances.

## DEFENSES

The State asserts that the Complaint fails to state a claim upon which relief may be granted. The State reserves the right to assert additional defenses as they become known and to amend this Answer if appropriate.

DATED: August 13, 2018.

                JAHNA LINDEMUTH
                ATTORNEY GENERAL

                By:   /s/Kevin M. Dilg
                       Kevin M. Dilg
                       Assistant Attorney General
                       Alaska Bar No. 1406053

*Fletcher v. State of Alaska*
ANSWER
Case No. 1:18-cv-00007-HRH
Page 14 of 15
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 14 of 15

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018 a copy of the foregoing was served electronically via ECF on the following parties of record pursuant to the Court's electronic filing procedures:

| Peter C. Renn | Tara L. Borelli | Eric Croft |
|---|---|---|
| LAMBDA LEGAL DEFENSE END EDUCATION FUND, INC. | LAMBDA LEGAL DEFENSE END EDUCATION FUND, INC. | THE CROFT LAW OFFICE |

/s/Harry Hale
Harry Hale
Law Office Assistant II

*Fletcher v. State of Alaska*
ANSWER
Case No. 1:18-cv-00007-HRH
Page 15 of 15
Case 1:18-cv-00007-HRH   Document 14   Filed 08/13/18   Page 15 of 15