Eric Croft (Alaska Bar No. 9406031)
THE CROFT LAW OFFICE
738 H Street
Anchorage, AK 99501
T: 907-272-3508 | F: 907-274-0146
eric@croftlawoffice.com

Peter C. Renn (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Ste. 280
Los Angeles, CA 90010
T: 213-382-7600 | F: 213-351-6050
prenn@lambdalegal.org

Tara L. Borelli (admitted *pro hac vice*)
Meredith Taylor Brown (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree St. NE, Ste. 640
Atlanta, GA 30308
T: 470-225-5341 | F: 404-897-1884
tborelli@lambdalegal.org, tbrown@lambdalegal.org

*Attorneys for Plaintiff Jennifer Fletcher*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| Jennifer Fletcher,<br><br>    Plaintiff,<br><br>vs.<br><br>State of Alaska,<br><br>    Defendant. | Case No. 1:18-cv-00007-HRH |

**PLAINTIFF'S RESPONSE TO ORDER**

Plaintiff Jennifer Fletcher ("Ms. Fletcher") submits this response pursuant to this Court's order of October 7, 2019, ECF No. 46, and respectfully requests that this case proceed to argument and decision on the pending cross-motions for summary judgment.

"[A] federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging." *Clark v. City of Seattle*, 899 F.3d 802, 809 n.4 (9th Cir. 2018) (internal quotes omitted). This case does not present the rare exception to that rule. Specifically, "[i]f there is even a fair possibility that the stay . . . will work damage to some one else," *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted), the party in favor of a stay "must make out a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The State of Alaska can make no such showing here.

To begin, staying resolution of the pending motions would cause harm to Ms. Fletcher, who has sustained injuries since 2017 that remain unresolved, as well as to similarly situated employees who would stand to benefit, whether directly or indirectly, from a determination that the State's discrimination violates Title VII. *See McKellips v. Franciscan Health Sys.*, No. C13-5096MJP, 2013 WL 1991103, at *2 (W.D. Wash. May 13, 2013) (rejecting stay where plaintiff employee could suffer financial harm in the interim); *Thoma v. CBRE Grp., Inc.*, No. CV 16-6040-CBM-AJWx, 2017 WL 10699611, at *3 (C.D. Cal. Mar. 9, 2017) (rejecting stay where similarly situated employees could be required to work overtime without adequate compensation). Permitting a discriminatory policy to remain in full force and effect inflicts harm. *See Jones v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02390-LHK, 2013 WL 4511648, at *3 (N.D.

Cal. Aug. 22, 2013) (rejecting stay where discriminatory policy would remain in effect). That is particularly true here, where it is no exaggeration that the medical treatment categorically denied by the State can be life-saving. Decl. of Randi Ettner, Ph.D., ECF No. 30, ¶ 18.

Indeed, holding the pending motions in abeyance until *R.G. & G.R. Harris Funeral Homes, Inc. v. E.E.O.C.* is decided may inject additional delay of almost one year into the case—even before the commencement of any appeal. The Supreme Court's decision may not come until June 2020, which would then be followed by further briefing in this Court, oral argument, and time for the Court to issue its decision, potentially amounting to a delay of close to one year. *Cf. Nicholson v. REI Energy, LLC*, 370 F. Supp. 3d 1199, 1207 (D. Or. 2019) (denying stay where case had been pending for over a year); *In re Morning Song Bird Food Litig.*, 320 F.R.D. 540, 545 (S.D. Cal. 2017) (denying stay given length of case pendency). Ms. Fletcher urges the Court not to prolong her efforts to root out the sex discrimination inherent in the State's exclusion of transition-related surgical care.

Meanwhile, the State cannot conceivably show any hardship or inequity from proceeding to argument and decision. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). That is especially true here, where the pending motions have already been fully briefed, and where such briefing has occurred pursuant to a court-approved schedule *jointly requested* by both sides. ECF Nos. 26-27. Because the State

cannot make out a "clear case of hardship," a stay must be denied. *Landis*, 299 U.S. at 255.

Finally, a stay cannot be justified based on an interest in efficiency. *See Dependable Highway Express*, 498 F.3d at 1066 ("case management standing alone is not necessarily a sufficient ground to stay proceedings"). As this Court noted, the question in *R.G. & G.R. Harris Funeral Homes* is whether "Title VII prohibits discrimination against transgender people based on (1) their status as transgender [or] (2) sex stereotyping." ECF No. 46 at 1. But there is no question that Title VII also prohibits, at a minimum, discrimination based on an individual's sex assigned at birth. *Cf. Jones*, 2013 WL 4511648, at *3 (denying stay where, even if Supreme Court declined to adopt one legal theory, other legal theories would remain viable). Here, Ms. Fletcher has argued she was denied medically necessary surgical treatment that she would have received if she had been assigned female at birth. ECF No. 28 at 26; ECF No. 43 at 11.

Moreover, even if the Supreme Court's decision in *R.G. & G.R. Harris Funeral Homes* influences the legal analysis that ultimately applies to Ms. Fletcher's claim, Ms. Fletcher agrees with the Court's observation that the decision here will "likely generate an appeal." ECF No. 46 at 2. That is why Ms. Fletcher believes it would be appropriate and efficient for the Court to proceed. As the parties both agree, the issues presented here are questions of law, ECF No. 36 at 4, 9, and the appellate court will review them *de novo*. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 979 F.2d 721, 724 (9th Cir. 1992). The Ninth Circuit will be well-situated to apply any additional guidance the Supreme Court may provide, and can do so without the need to

further delay Ms. Fletcher's efforts to vindicate her rights. As things presently stand, however, "the Ninth Circuit has provided this Court with binding precedent." *Nicholson*, 370 F. Supp. 3d at 1207. That precedent, *Schwenk v. Hartford*, 204 F.3d 1187 (9th Cir. 2000), remains fully operative, and Ms. Fletcher urges the Court to apply that binding precedent to her claim.

## CONCLUSION

For the reasons above, Ms. Fletcher respectfully requests that the Court set this matter for argument and render a decision on the parties' cross-motions for summary judgment.

Dated: October 21, 2019    Respectfully submitted,

/s/ Tara L. Borelli
Peter C. Renn (admitted *pro hac vice*)
Tara L. Borelli (admitted *pro hac vice*)
Meredith Taylor Brown (admitted *pro hac vice*)
Eric Croft (Alaska Bar No. 9406031)

*Attorneys for Plaintiff Jennifer Fletcher*

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I electronically filed the foregoing document and any attachments with the Clerk of the Court by using the CM/ECF system, causing a copy of the foregoing document and any attachments to be served on all counsel of record.

/s/ Tara L. Borelli
Peter C. Renn (admitted *pro hac vice*)
Tara L. Borelli (admitted *pro hac vice*)
Meredith Taylor Brown (admitted *pro hac vice*)
Eric Croft (Alaska Bar No. 9406031)

*Attorneys for Plaintiff Jennifer Fletcher*
