Eric Croft (Alaska Bar No. 9406031)
THE CROFT LAW OFFICE
738 H Street
Anchorage, AK 99501
T: 907-272-3508 | F: 907-274-0146
eric@croftlawoffice.com

Tara L. Borelli (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree St. NE, Ste. 640
Atlanta, GA 30308
T: 470-225-5341 | F: 404-897-1884
tborelli@lambdalegal.org

Peter C. Renn (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Ste. 280
Los Angeles, CA 90010
T: 213-382-7600 | F: 213-351-6050
prenn@lambdalegal.org

*Attorneys for Plaintiff Jennifer Fletcher*

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Jennifer Fletcher,<br><br>　　　Plaintiff,<br><br>vs.<br><br>State of Alaska,<br><br>　　　Defendant. | Case No. 1:18-cv-00007-HRH |

**DECLARATION OF SUSAN ORLANSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

*Fletcher v. Alaska*, No. 1:18-cv-00007-HRH

I, Susan Orlansky, do hereby declare as follows:

1. I am more than eighteen (18) years of age, have personal knowledge of the facts set forth herein, and am otherwise competent to testify to the matters set forth herein.

2. I am a member of the Alaska Bar Association, and I have practiced law in Alaska for approximately 40 years. I currently practice as Of Counsel to the law firm of Reeves Amodio, LLC.

3. I am admitted to the U.S. District Court for the District of Alaska, the Ninth and Fifth Circuit Courts of Appeal, and the United States Supreme Court. Over my decades of practice, I have been involved with litigating civil rights issues at all stages of litigation. Based on this experience, described more fully below, I am familiar with the hourly rates for the legal community in the District of Alaska for complex state and federal litigation, including civil rights cases. From my own work and from observing others' work, I also have a sense of the number of hours that attorneys reasonably spend litigating various types of cases.

4. I earned a bachelor's degree from Reed College in 1975, and received my law degree from Harvard University (Magna Cum Laude) in 1979, where I served as an editor of the Harvard Law Review. Before moving to Alaska, I clerked for the Honorable John Dooling of the U.S. District Court for the Eastern District of New York.

5. I worked as a staff attorney with the Alaska Appellate Courts from 1980 to 1981. I then spent the next 11 years with the Alaska Public Defender Agency, where I concentrated on criminal appeals and supervised appellate litigation throughout Alaska. In

1992, I moved to private practice at Young, Sanders & Feldman, which later became Feldman, Orlansky & Sanders. I was a partner at the firm for almost 20 years, before the firm disbanded in 2013.

6. Moving into private practice allowed me to expand my criminal defense practice to include white-collar and environmental cases, and also to develop an extensive civil practice. At my former firm and in my current practice, since 1992 I have handled a wide variety of complex civil matters before administrative agencies and at all levels of the court system. In both the trial courts and in appeals, I represented oil companies defending North Slope permits against environmental challenges, individuals suing their insurers, professionals subject to discipline by their licensing boards, a large fishing company defending against an antitrust claim, and numerous individuals and small companies in virtually the entire range of matters that bring people into court.

7. I have also had the opportunity to litigate a variety of civil liberties and constitutional claims. I worked as local counsel (assisting experienced, specialized experts with a national practice) in most of the reproductive freedom suits in the Alaska state courts over the past 20 years. I represent a shareholder of a Native corporation challenging restrictions on his free speech rights; an Assistant Public Advocate challenging her termination for her refusal to resign and reapply for her position as violations of her free speech rights; and the Retired Public Employees of Alaska who challenged the diminishment of their dental benefits as a violation of the Alaska Constitution's non-diminishment clause.

8. My reported appellate decisions from the past few years reflect the diversity of my work. Some of my most recent cases include: *Sampson v. Alaska Airlines, Inc.*, 467 P.3d 1072 (Alaska 2020) (represented airline in successfully opposing appeal in personal injury case claiming an improper jury instruction); *Club Sinrock, LLC v. Municipality of Anchorage*, 445 P.3d 1031 (Alaska 2019) (represented adult cabaret in successful free speech-based challenge to restriction on operating hours); *Adkins v. Collens*, 444 P.3d 187 (Alaska 2019) (represented quadriplegic appellee in successfully defending multi-million dollar award against health care company under the Alaska Unfair Trade Practices and Consumer Protection Act); *State v. Planned Parenthood of the Great Northwest*, 436 P.3d 984 (Alaska 2019) (represented Planned Parenthood in successful challenge to state law restricting minors' reproductive freedom rights); *Cottini v. Berggren*, 420 P.3d 1255 (Alaska 2018) (represented agent appointed to manage affairs of disabled principal in successful attempt to establish right to recover attorneys' fees agent incurred in defending his agency).

9. I also have a long history of engaging in service to the Alaska Bar Association and the Alaska Court System. Over many years, I participated in various committees of the state bar, including the Bar Examiners Committee, Area Discipline Committee, Tutoring Committee, and Ethics Committee. I served on both the court system's Criminal Rules Committee and the Appellate Rules Committee. I also served a six-year term on the Alaska Judicial Council.

9.      I was asked by counsel for the Plaintiff Jennifer Fletcher to opine regarding the reasonableness of the hours Ms. Fletcher's counsel expended in the district court in this dispute, and the reasonableness of the hourly rates for each attorney claiming fees.

10.     For purposes of this opinion, I have relied on the following approximate summary of time entries provided by Plaintiff's counsel. I understand that these represent the approximate number of hours claimed by each attorney after the exercise of billing judgment, and may be adjusted to account for work on the motion for fees and expenses, which is currently ongoing: Eric Croft, 26 hours; Tara L. Borelli, 245 hours; and Peter C. Renn, 170 hours, resulting in a total of approximately 441 hours.

11.     To evaluate the reasonableness of the hours claimed by Ms. Fletcher's counsel, I have also relied on the following case history summary provided by them: This case involved a question of first impression in the U.S. District Court of Alaska and the Ninth Circuit Court of Appeals, *i.e.*, whether denying gender-confirming care to a transgender person constitutes impermissible sex discrimination. Ms. Fletcher's suit raised a sex discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Ms. Fletcher's counsel litigated this complex issue without the benefit of the U.S. Supreme Court's recent decision in *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731 (2020), regarding Title VII's applicability to discrimination against transgender people. As a result, Ms. Fletcher's counsel had to survey and draw upon a broad body of analogous case law from the Ninth Circuit and nationally to prepare

their arguments.  Ultimately, this Court decided the legal question of first impression in Plaintiff's favor.

12. I understand that this case involved extensive written discovery, including document production from Defendant State of Alaska ("Defendant") containing more than 58,000 pages.  I understand that the discovery phase of the case included not just reviewing the documents produced, but also meeting and conferring over perceived deficiencies in Defendant's discovery responses and responding to Defendant's discovery requests.

13. I understand that, following discovery, Plaintiff's counsel worked with experts to have them prepare expert reports and testimony in support of Ms. Fletcher's motion for summary judgment.  Plaintiff's counsel briefed the successful motion for summary judgment, and successfully opposed Defendant's cross-motion for summary judgment, establishing Defendant's liability under Title VII.

14. I understand that the actual total hours spent by Ms. Fletcher's counsel exceed the total listed in Paragraph 10 above, and that the lawyers arrived at those totals by exercising billing judgment and eliminating duplicative and unnecessary entries from their time.  I also understand that Plaintiff is seeking no fees for the time spent by one of the key attorneys who worked on this case (Taylor Brown, whose rates would be at least $200 per hour based on having practiced law since 2017), by their paralegals or law clerks who worked on this matter, or by very senior attorneys such as the Lambda Legal Senior Counsel and Litigation Director, who both reviewed pleadings in the matter.

15. I believe that the number of hours for which counsel seek compensation are a reasonable total number of hours for a complex case such as this one, which involved extensive discovery and summary judgment briefing on an issue of first impression.

16. I base my opinion in part on my own recent experience in another complex case of first impression that was resolved through cross-motions for summary judgment, *Recall Dunleavy v. State*, 3AN-19-10903CI. Although there was no discovery in that case, plaintiff's counsel spent an even larger number of hours than the attorneys claim here.

17. In thinking about the reasonableness of the rates charged, I have considered that the three attorneys for whose work fees are sought are all very experienced and well qualified. I know that Mr. Croft is an Alaska lawyer of more than 25 years of experience with an active and successful law practice. I have been advised that Ms. Borelli and Mr. Renn have practiced exclusively civil rights law for lesbian, gay, bisexual, and transgender plaintiffs for 14 and 10 years, respectively, and have extensive expertise in both the relevant legal doctrine and scientific testimony presented by experts in this field.

18. To my knowledge, there are no attorneys in Alaska who have close to the level of expertise that Ms. Borelli and Mr. Renn have in the subject matter of this case. I believe it is likely that the legal team here was efficient (and the overall legal fees were reduced) because of the Lambda Legal attorneys' extensive experience with the legal and evidentiary issues presented in this type of case.

19. Given that Ms. Fletcher's case is the first case in the District of Alaska regarding the health care needs of transgender people, I do not believe there are any

lawyers in Alaska who could have represented her in this case with the specialized expertise of Ms. Borelli and Mr. Renn. I believe that Ms. Fletcher's retention of these attorneys contributed to her successful pursuit of the claims in her case.

20. The fact that this was not a run-of-the-mill case but, rather, involved a question of first impression meant that there was no assurance Ms. Fletcher would prevail and thus no assurance that her counsel would be compensated for their time. Besides the large commitment of time required to pursue the suit, prosecuting the case required a significant financial outlay for expert witnesses. The investment of time and resources required to litigate this case would have been a serious deterrent for any Alaska attorney to take on the case, unless (as happened here) local counsel partnered with out-of-state counsel with expertise and willingness to commit appropriate resources to the litigation.

21. I understand that the Lambda Legal attorneys typically use higher billing rates in their home communities than they are using in this case. Given their unique talents and experience, they reasonably might seek such higher rates here. The fact that they do not seek such higher compensation supports the reasonableness of their requested rates and the total requested fee award.

22. I have been advised that each of the attorneys for whom fees are sought graduated from law school and began practicing law in the year shown below, and each is seeking compensation at the rate shown:

*Fletcher v. Alaska*, No. 1:18-cv-00007-HRH        8

| Attorney | Law School Graduation Year | Requested Rate |
|---|---|---|
| Eric Croft | 1992 | $400.00 |
| Tara L. Borelli | 2001 | $375.00 |
| Peter C. Renn | 2006 | $325.00 |

23. I believe, based on the year in which each graduated and began practicing law and the experience each has had over his or her career, that the attorneys' requested hourly rates are reasonable and in line with the prevailing market in Alaska for legal services in comparable cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 28, 2020

/s/ Susan Orlansky (consent)<br>Susan Orlansky

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, causing a copy of the foregoing document and all attachments to be served on all counsel of record.

/s/ Peter C. Renn
Peter C. Renn (admitted *pro hac vice*)
Tara L. Borelli (admitted *pro hac vice*)
Eric Croft (Alaska Bar No. 9406031)

*Attorneys for Plaintiff Jennifer Fletcher*
