Eric Croft (Alaska Bar No. 9406031)
THE CROFT LAW OFFICE
738 H Street
Anchorage, AK 99501
T: 907-272-3508 | F: 907-274-0146
eric@croftlawoffice.com

Tara L. Borelli (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree St. NE, Ste. 640
Atlanta, GA 30308
T: 470-225-5341 | F: 404-897-1884
tborelli@lambdalegal.org

Peter C. Renn (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Ste. 280
Los Angeles, CA 90010
T: 213-382-7600 | F: 213-351-6050
prenn@lambdalegal.org

*Attorneys for Plaintiff Jennifer Fletcher*

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Jennifer Fletcher,<br><br>    Plaintiff,<br><br>vs.<br><br>State of Alaska,<br><br>    Defendant. | Case No. 1:18-cv-00007-HRH |

**DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

*Fletcher v. Alaska*, No. 1:18-cv-00007-HRH

I, Goriune Dudukgian, do hereby declare as follows:

1. I am more than eighteen (18) years of age, have personal knowledge of the facts set forth herein, and am otherwise competent to testify to the matters set forth herein.

2. I am a 2000 graduate from the UCLA School of Law and have more than 19 years of legal experience, including a 1-year clerkship with Justice Robert L. Eastaugh of the Alaska Supreme Court in 2000-2001. Since the end of my clerkship, I have been a public interest lawyer, specializing in civil rights and constitutional law, consumer law, disability law, and education law. I worked a staff attorney in the Anchorage office of Alaska Legal Services Corporation from September 2001 to June 2005 (full time) and from June 2005 to November 2018 (part time).

3. In June 2005, I was one of the founding partners of the Northern Justice Project, LLC, a private firm in Anchorage that handles complex lawsuits, including numerous class actions, against the government and large corporations. More recently, in March 2018, I opened an office in Pasadena, called the California Justice Project, for the purpose of handling similar public interest cases in California.

4. I am licensed to practice in both Alaska and California. I have appeared in numerous cases before the Alaska Supreme Court, the United States District Court for the District of Alaska, the Ninth Circuit Court of Appeals, and the D.C. Circuit Court of Appeals. I was lead or co-counsel in a number of reported decisions, including *M.M. v. State*, 462 P.3d 539 (Alaska 2020); *Radebaugh v. State*, 397 P .3d 285 (Alaska 2017); *Akiachak Native Community v. United States Dep't of Interior*, 827 F.3d 100 (D.C. Cir.

2016); *Hudson v. Citibank (South Dakota) NA*, 387 P.3d 42 (Alaska 2016); *Phillip v. State*, 347 P.3d 128 (Alaska App. 2015); *Native Village of Eyakv. Blank*, 688 F.3d 619 (9th Cir. 2012); *Albrecht v. Alaska Trustee, LLC,* 286 P.3d 1059 (Alaska 2012); *Reed v. Parrish*, 286 P.3d 1054 (Alaska 2012); *Roberson v. Manning,* 268 P.3d 1090 (Alaska 2012); *Roberson v. Southwood Manor Associates, LLC*, 249 P.3d 1059 (Alaska 2011); *Smart v. State,* 237 P.3d 1010 (Alaska 2010); *Krone v. State*, 222 P.3d 250 (Alaska 2009); *Heitz v. State*, 215 P.3d 302 (Alaska 2009); *Okuley v. State*, 214 P.3d 247 (Alaska 2009); *Wooten v. Hinton*, 202 P .3d 1148 (Alaska 2009); *Baker v. State*, 191 P .3d 1005 (Alaska 2008); *Native Village of Eyak v. Evans*, 375 F.3d 1218 (9th Cir. 2004) (en banc); *State v. Kenaitze Indian Tribe*, 83 P.3d 1060 (Alaska 2004).

5. In addition to these reported cases, I have successfully handled a number of class actions and other complex lawsuits at the trial court level, including: *Pruitt v. State, Dep't of Corrections*, Case No. 3AN-16-6013 CI (holding that Alaska's "Guilty But Mentally Ill" statute which categorically denies parole to mentally ill prisoners violated the Americans with Disabilities Act and the due process rights of prisoner with schizophrenia, leading to prisoner's release from prison after 17 years of incarceration); *Putnam v. Anchorage School District*, Case No. 3AN-15-7003 CI (class action lawsuit against Anchorage School District for violating due process when suspending students from school, leading Alaska's largest school district to revise its suspension notices so that parents are now informed of the legal and factual reasons for a student's suspension); *Gesulga v. Municipality of Anchorage*, Case No. 3AN-l l-12856 CI (leading to the repeal

of zoning ordinance that discriminated against disabled individuals); *Mulgrew v. State*, Case No. 3AN-10-6273 CI (holding that State of Alaska's reimbursement protocol for foster and adoptive parents violated federal law); *Paramore v. State*, Case No. 3AN-10-9035 CI (entry of statewide injunction against Alaska's Medicaid system for violating due process rights of Medicaid recipients when denying Medicaid services); *Myers v. Sebelius*, Case No. 3-09-CV-l 75-TMB (class action against federal and state governments which successfully led to the lifting of the federal government imposed "moratorium" on Medicaid Waiver applications in Alaska); *Moore v. Weidner Investment Services Inc.*, Case No. 3AN-06-09690 CI (certified class action of tenants against "Alaska's largest landlord" which led to statewide refunds of excessive late fees and permanent reduction of all future late fees); and *Carl v. Wynn's Extended Care, Inc.,* Case No. 3AN-07-6398 CI (certified class action of consumers against one of Alaska's largest auto warranty distributors which led to defendant's abandonment of mandatory arbitration in California).

6. I have extensive trial experience. I have tried more than 15 cases in state and federal court. I also handled countless eviction, domestic violence, and administrative hearings while a staff attorney at Alaska Legal Services Corporation.

7. Based on this experience, I am familiar with the hourly rates for the legal community in the District of Alaska for both state and federal litigation, including impact litigation cases such as this matter. This knowledge stems in part from my own billing rate, which I know from surveying my colleagues to be representative of the local prevailing rates for attorneys with similar expertise and experience.

8. Noting the year in which they graduated and first began practicing law, I find the attorneys' requested hourly rates reasonable and in line with the prevailing market for legal services of the complexity reflected in the issues, as summarized below:

| Attorney | Law School Graduation Year | Requested Rate |
|---|---|---|
| Eric Croft | 1992 | $400.00 |
| Tara L. Borelli | 2001 | $375.00 |
| Peter C. Renn | 2006 | $325.00 |

9. I base my opinion on prevailing market rates in the District of Alaska, my own hourly billing rate in private practice, and my experience and knowledge as a practitioner. I am personally familiar with Ms. Borelli, her expertise, and the stellar quality of her work. Ms. Borelli graduated in 2001, one year later than I did, so our hourly rates would be commensurate in the local market even for a routine case rather than a case calling for specialized expertise. My standard hourly fee in my private practice is $375.00, the same rate that Ms. Borelli seeks here. Particularly given her deep expertise in this arena, developed over 14 years of exclusively practicing civil rights law for transgender, lesbian, gay, and bisexual people, her requested rate is reasonable and in line with the local market. Similarly, the rates of the other attorneys on her team are reasonably calibrated to reflect local prevailing rates for lawyers of their respective years of experience.

10. I understand that Plaintiff's attorneys performed their work on a *pro bono* basis, essentially working on the contingency that no fees or costs would be recovered

*Fletcher v. Alaska*, No. 1:18-cv-00007-HRH        5

Case 1:18-cv-00007-HRH   Document 76   Filed 08/28/20   Page 5 of 7

unless the Court permitted such recovery. This risk was compounded by the fact that Plaintiff's attorneys were required advance significant fees for expert testimony, without any assurance that such out-of-pocket costs would be recovered. The rates sought here are particularly reasonable given the risk and difficulty of such "contingency" cases. During my years of specializing in civil rights litigation, I have come to understand and appreciate the close relationship between the award of reasonable attorney's fees to successful plaintiffs' counsel and the enforcement of civil rights laws.

11. Based on all of the above, I believe that the hourly rates sought by counsel here are in line with local rates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 25, 2020

/s/ Goriune Dudukgian (consent)
Goriune Dudukgian

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, causing a copy of the foregoing document and all attachments to be served on all counsel of record.

/s/ Peter C. Renn
Peter C. Renn (admitted *pro hac vice*)
Tara L. Borelli (admitted *pro hac vice*)
Eric Croft (Alaska Bar No. 9406031)

*Attorneys for Plaintiff Jennifer Fletcher*